UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GARY J. BACHORZ and            )
CARMELO A. SCUDERI,            )
          Plaintiffs           )
                               )
          v.                   ) C.A. No. 09-cv-30132-MAP
                               )
SHAUNA MILLER-FORSLUND,        )
Executrix of the Estate of     )
Nairn L. Miller,               )
          Defendant            )

### MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR RECONSIDERATION OF AND TO AMEND AND CORRECT THE MEMORANDUM AND ORDER OF THE COURT REGARDING PURCHASE PRICE OF THE PROPERTY
(Dkt. No. 50)

January 3, 2012

**PONSOR, U.S.D.J.**

On September 22, 2011, the court awarded Plaintiffs specific performance of an option to purchase a commercial property they leased from Nairn L. Miller. On December 6, 2011, the court issued an Order setting Plaintiffs' purchase price for the property at $76,221.25 and awarding them $15,975 in damages. Plaintiffs have filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(a),

asking for an additional $37,275 in damages.  For the reasons stated below, the court will award Plaintiffs these additional damages.

In its December 6 Order, the court found that Plaintiffs exercised the option to purchase on May 28, 2009. (Dkt. No. 49, Mem. and Order Regarding Purchase Price of Property, at 9.)  The court further found that "Plaintiffs were wrongfully prohibited from purchasing the property before the end of the Lease" and that, if they had been allowed to do so, they would not have had to pay additional rent after the Lease ended on February 28, 2011.  (<u>Id.</u> at 12.)  The court awarded Plaintiffs $15,975 for rent they paid after the end of the Lease "to put them in the same position they would have been in had they been allowed to exercise the option to purchase."  (<u>Id.</u> at 12-13.)

However, as Plaintiffs now point out, if Plaintiffs had been able to exercise the option on May 28, 2009 -- the date the court determined to be the operative date of the option -- they would not have had to pay any rent between May 28, 2009 and the end of the Lease.  Given the court's previous ruling, it would be unfair and a windfall to Defendant to

2

allow Defendant to retain the rent paid during this time. Consequently, Plaintiffs are entitled to reimbursement of the rent they paid between May 28, 2009 and February 28, 2011, in addition to the damages the court already awarded them for rent paid after February 28, 2011. Plaintiffs paid $37,275 during this period and the court will award Plaintiffs additional damages in that amount.

Plaintiffs also argue that the court incorrectly stated in the December 6 Order that Plaintiffs could have "attempted to exercise the option [to purchase] again in writing on February 28, 2011 . . . ." (Id. at 8-9.) The court need not now determine whether Plaintiffs had a right to re-exercise the option. The court's statement was intended merely as a hypothetical, not as a finding of law regarding the parties' rights under the Lease. More importantly, whether Plaintiffs could have re-exercised the option is irrelevant to the court's findings regarding the operative date of the option. The fact remains that the Lease required the option to be exercised in writing and Plaintiffs did so only in May 2009. (Id. at 9.)

Finally, Defendant contends that the court may not

3

reconsider its Order under the rules of civil procedure that Plaintiffs invoke.  Defendant argues that Rule 59(e) applies only to judgments, not to other orders.  Fed. R. Civ. P. 59(e).  Defendant further argues that Rule 60(a) applies only to "clerical mistake[s]" or "mistake[s] arising from oversight or omission," Fed. R. Civ. P. 60(a), whereas Plaintiffs seek to insert new substantive and legal analysis into the court's Order.  The court disagrees.  The court's omission from its calculation of damages of rent Plaintiffs paid after the operative date of the option to purchase but before the end of the Lease is exactly the type of "oversight or omission" that Rule 60(a) allows courts to correct.  The court is not changing its substantive or legal analysis, as Defendant suggests, but merely recalculating its arithmetic to determine Plaintiffs' appropriate damages based upon the substantive rulings it previously made.

For the foregoing reasons, Plaintiffs' motion for reconsideration of the court's December 6, 2011 Order (Dkt. No. 50) is hereby ALLOWED in part.  The court awards Plaintiffs additional damages in the amount of $37,275.  The court makes no further amendments to its previous Order.

It is So Ordered.

                                        <u>/s/ Michael A. Ponsor</u>
                                        **MICHAEL A. PONSOR**
                                        **U. S. District Judge**